NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1736-15T2

JPRC, INC. t/a LIQUID ASSETS,

 Petitioner-Appellant,

v.

NEW JERSEY DEPARTMENT OF LABOR
AND WORKFORCE DEVELOPMENT,

 Respondent-Respondent.

______________________________

 Argued July 25, 2017 – Decided August 4, 2017

 Before Judges Reisner and Suter.

 On appeal from New Jersey Department of Labor
 and Workforce Development, Docket No. 08-030.

 John D. Williams argued the cause for
 appellant (Mr. Williams and Bradley J. Shafer
 (Shafer & Associates, P.C.) of the Michigan
 bar, admitted pro hac vice, attorneys; Mr.
 Williams and Mr. Shafer, on the briefs).

 Anthony DiLello, Deputy Attorney General,
 argued the cause for respondent (Christopher
 S. Porrino, Attorney General, attorney;
 Melissa H. Raksa, Assistant Attorney General,
 of counsel; Mr. DiLello, on the brief).

PER CURIAM
 Petitioner JPRC, Inc., t/a Liquid Assets (Liquid Assets)

appeals from a November 12, 2015 Final Administrative Decision of

the Commissioner of the Department of Labor and Workforce

Development (DOL). The Commissioner determined that exotic

dancers who worked at Liquid Assets' place of business1 during the

years 2002 through 2005 were employees, within the meaning of

N.J.S.A. 43:21-19(i)(1)(A), and assessed Liquid Assets

approximately $9000 for unpaid contributions to the unemployment

compensation fund and the State disability benefits fund. We

affirm.

 On this appeal, there is no dispute that prior to 2003,

petitioner treated the dancers as employees. In response to our

question at oral argument, petitioner's attorney confirmed that

point. Beginning in 2003, petitioner unilaterally restructured

its relationship with the dancers, in an attempt to avoid having

them classified as employees. Petitioner stopped paying the

dancers any wages, and instead began charging them a small fee for

the right to "perform," and required them to obtain all their

compensation from the tips customers gave them and the fees the

dancers charged customers for "private dances." However, the

1
 The establishment, variously described as a gentlemen's club or
go-go bar, is no longer in business.

 2 A-1736-15T2
Commissioner determined that the evidence petitioner produced at

the hearing failed to satisfy the "ABC" test set forth in N.J.S.A.

43:21-19(i)(6).

 The ABC test consists of the following three factors, all of

which an employer must satisfy to qualify for the exception set

forth in section 6. See Hargrove v. Sleepy's, L.L.C., 220 N.J.

289, 305 (2015); Carpet Remnant Warehouse, Inc., v. N.J. Dep't of

Labor, 125 N.J. 567, 581 (1991).

 (6) Services performed by an individual for
 remuneration shall be deemed to be employment
 subject to this chapter . . . unless and until
 it is shown to the satisfaction of the
 division that:

 (A) Such individual has been and
 will continue to be free from
 control or direction over the
 performance of such service, both
 under his contract of service and in
 fact; and

 (B) Such service is either outside
 the usual course of the business for
 which such service is performed, or
 that such service is performed
 outside of all the places of
 business of the enterprise for which
 such service is performed; and

 (C) Such individual is customarily
 engaged in an independently
 established trade, occupation,
 profession or business.

 [N.J.S.A. 43:21-19(i)(6) (emphasis
 added).]

 3 A-1736-15T2
 On this appeal, we will not disturb the Commissioner's

decision so long as it is supported by sufficient credible evidence

and is consistent with applicable law. See In re Musick, 143 N.J.

206, 216 (1996). Our review of legal issues is de novo, but we

owe "great deference" to the Commissioner's interpretation of the

statutes that the DOL is charged with enforcing. Hargrove, supra,

220 N.J. at 301-02 (citation omitted).

 In its brief, petitioner contends that the dancers did not

perform services "for remuneration" within the meaning of N.J.S.A.

43:21-19(i)(6), the Commissioner's factual findings were not

supported by the record, and petitioner satisfied the ABC test. 2

After reviewing the record in light of the applicable legal

standards, we find no merit in those arguments, and we affirm

substantially for the reasons stated in the Commissioner's

thorough written decision.3 Petitioner's arguments do not warrant

2
 Petitioner also raises two constitutional issues; however, as
presented on this appeal, those contentions are without sufficient
merit to warrant discussion in a written opinion. R. 2:11-
3(e)(1)(E). Petitioner's attempted analogy to theatre or concert
hall performers is without merit, as those services are exempt
from the unemployment statute. N.J.S.A. 43:21-19(i)(7)(M).
3
 The pertinent record in this case covered the years 2002 to 2005,
as did the Commissioner's decision. Our opinion is limited to the
record presented to us and the years covered by the agency's
decision.

 4 A-1736-15T2
additional discussion, beyond the following brief comments. R.

2:11-3(e)(1)(E).

 We agree with the Commissioner that petitioner's evidence in

this case was insufficient to satisfy its burden of proof as to

the ABC test. For example, petitioner's website described its

premises as a "gentlemen's club" and a "go-go bar." The website

focused on the "erotic" entertainment, featuring "over 20 girls

daily," and promising prospective customers: "Our girls are

beautiful, erotic, friendly, professional and talented dancers."

Petitioner's advertising belied its claim that the dancers were

merely incidental or peripheral to petitioner's business of

serving food and drink. See N.J.S.A. 43:21-19(i)(6)(B). The club

owner's 2012 testimony, that the club's then-current operation

featured other forms of entertainment such as magicians and

singers, did not pertain to the relevant time period, which was

2002 to 2005.4

 As the Commissioner noted, petitioner presented little

evidence concerning the individual dancers it alleged were

independent contractors. Only one of the dancer-witnesses, J.F.,

worked at the club during even a portion of the relevant time

4
 Petitioner's financial records for 2002 to 2005 contained no
documentation concerning any performers other than the exotic
dancers.

 5 A-1736-15T2
period. The two other dancer-witnesses knew nothing about the

operation of the club during the period 2002 to 2005. J.F. could

not recall if she began working at Liquid Assets in 2002 or 2003,

but testified that she left in 2003 and did not return for three

years. J.F. confirmed that when she began working at Liquid

Assets, the dancers were paid an hourly wage, plus whatever fees

and tips they collected from the customers. She testified that

at some point, petitioner imposed a new policy, under which the

dancers were no longer paid a wage and were required to pay the

club between $10 and $40 per shift for the right to work there.

 Petitioner's ability to unilaterally impose a new mode of

operation on its existing employees - for the avowed purpose of

enabling petitioner to avoid paying unemployment taxes - did not

demonstrate the dancers' independence as "contractors." See

Special Care of N.J., Inc. v. Bd. of Review, 327 N.J. Super. 197,

211-12 (App. Div.), certif. denied, 164 N.J. 190 (2000). Rather,

it evinced petitioner's control over their working conditions. In

the context of this case, petitioner's evidence - that petitioner

stopped paying the dancers any wages, required them to work

entirely for tips and fees, and did not require them to report the

tips and fees to petitioner for tax purposes - does not undermine

the Commissioner's conclusion that the dancers performed their

services for "remuneration" within the meaning of N.J.S.A. 43:21-

 6 A-1736-15T2
19. See N.J.S.A. 43:21-19(o) ("wages" include tips regularly

received in the course of employment); N.J.A.C. 12:16-4.9 (such

tips "are covered wages and are taxable to the maximum base even

though the employee has not reported the entire amount to the

employer.").

 In summary, the Commissioner's decision was supported by

substantial credible evidence and, accordingly, we affirm.

 Affirmed.

 7 A-1736-15T2